per curiam:
This is a suit for alleged breaches of a timber sales contract with the Forest Service. Count I asserts several alleged breaches by the Government during performance of the contract. Count II avers a breach because of the defendant’s failure to extend the contract’s term. The Government has also put forward a counterclaim for damages for plaintiffs failure to cut, during the contract term, all the logs allegedly required by the contract to be logged.
Defendant has moved for partial summary judgment on the petition on the sole grounds that plaintiff (a) failed to exhaust its administrative remedies under the contract and (b) waived any right to damages by continuing performance under the contract and by accepting defendant’s performance in full performance. Plaintiff cross-moved for full summary judgment on both counts of the petition[1] as well as on the counterclaim. We have had oral argument and considered the parties’ written submissions.
This is a complex case, with several facets, and we are satisfied that (except for one point) neither party is entitled to summary judgment at this stage but that (except for that single point) the whole case should be remanded to the Trial Division for further development, analysis, and consideration of various factual questions (and mixed questions of law and fact) bearing on the legal issues, as well as further ventilation of the Forest Service practices, proce *758 dures, and standards, involved in several of the questions presented to us.
The one issue we do decide at this time relates to the amount of uncut timber for which the defendant should be permitted to claim damages (if it turns out to be entitled to recover at all) on its counterclaim for plaintiffs failure to cut the entire contract amount. That counterclaim alleges the right to recover damages under the contract for plaintiffs failure to cut some 7,075 MBF (Thousand Board Feet) of timber by the end of the unextended contract period. But it is absolutely plain, first, that if plaintiff had agreed to defendant’s offer (on conditions rejected by plaintiff) to extend the contract term for one-year only, plaintiff would have been allowed to log only an additional 1,370 MBF, and, second that defendant did not sell and had no intention of selling any of the remaining 5,705 MBF either to plaintiff or to anyone else. That being so, defendant is barred from recovering any damages for the 5,705 MBF which were never sold and which the Government has not sold and had no plan to sell at the end of plaintiffs unextended term (or for any reasonable time thereafter). Clause C9.2 of the contract, on which defendant relies, should not be read to call for recovery of damages from plaintiff for uncut timber which the Government has no intention of selling but wishes to preserve indefinitely. In that situation the Government would not be injured or damaged by the non-cutting, and does not deserve any monetary compensation for the failure to cut.
Accordingly, it is ordered that both motions for summary judgment are denied without prejudice except that plaintiffs cross-motion is granted to the extent that recovery on the counterclaim (if allowable at all) cannot exceed damages for failure to cut 1,370 MBF. The case is remanded to the Trial Division as above provided.

 In the course of the briefing, plaintiff withdrew its motion for summary judgment as to some of the breaches alleged in Count I.